**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**STATESVILLE DIVISION**
**CIVIL ACTION NO. 5:25-CV-00082-KDB-DCK**

**JAMES DULA,**

**Plaintiff,**

**v.**

**FRANK BISIGNANO, COMMISSIONER OF SOCIAL SECURITY,**

**Defendant.**

**MEMORANDUM AND ORDER**

THIS MATTER is before the Court on the Memorandum and Recommendation ("M&R") of the Honorable Magistrate Judge David C. Keesler ("M&R") entered September 14, 2026 (Doc. No. 8); Plaintiff's Objections to the M&R (Doc. No. 9) and the Parties' pleadings and related filings.

## I. LEGAL STANDARD

A district court may designate a magistrate judge to "submit to a judge of the court proposed findings of fact and recommendations for the disposition" of certain pretrial matters. 28 U.S.C. § 636(b)(1). Any party may object to the magistrate judge's proposed findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "[A] party wishing to avail itself of its right to de novo review must be sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute." *Osmon v. United States*, 66 F.4th 144, 146 (4th Cir. 2023) (internal quotation marks and citation omitted). However, the Court does not perform a de novo review where a party makes

only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). After reviewing the record, the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

## II. DISCUSSION

The Court has conducted an independent review of the M&R, Plaintiff's objections, and a de novo review of the applicable record. Upon that review, the Court concludes that the recommendation to affirm the Commissioner's finding that Plaintiff was not disabled under the Social Security Act during the relevant period is correct and in accordance with law. The Court agrees that the ALJ's findings were "based on a comprehensive and thorough review of the evidence in the record, and the ALJ did not cherry-pick or otherwise mischaracterize the evidence." *See Fowls v. Comm'r of Soc. Sec*. No. 1:22-CV-00271-KDB-DCK, 2024 WL 3433667, at *2 (W.D.N.C. July 16, 2024).

Specifically on the issues raised by the Plaintiff, the ALJ did not err in evaluating Plaintiff's "ability to sustain concentration, persistence, or pace." The ALJ fairly evaluated the Plaintiff's claimed limitations alongside the medical and other evidence and found a "moderate limitation." Doc. No. 4-8 ("ALJ Decision") at 604, 610, 612-13. Then, the ALJ reflected this finding in the Plaintiff's residual functional capacity ("RFC"): "the claimant can sustain concentration, persistence, and pace to stay on task to complete simple, routine, repetitive tasks while working in a setting that does not require strict production quotas or a consistently fast pace, so no high-speed conveyor belt/assembly line work." *Id*. at 605. Mindful of its role in Social Security appeals, the Court will not overrule the ALJ's weighing of the evidence.

The legal standard for this Court's review of social security benefit determinations is well established. *See Drumgold v. Comm'r of Soc. Sec.*, 144 F.4th 596, 604-05 (4th Cir. 2025); *Shinaberry v. Saul*, 952 F.3d 113, 120 (4th Cir. 2020). The agency's factual findings on whether a claimant can work (and under what limitations) are "'conclusive' in judicial review of the benefits decision so long as they are supported by 'substantial evidence.'" *Biestek v. Berryhill*, 587 U.S. 97, 98-99 (2019) (quoting 42 U.S.C. § 405(g)). "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains sufficient evidence to support the agency's factual determinations." *Id.* at 102 (citation modified). "[T]he threshold for such evidentiary sufficiency is not high. Substantial evidence . . . is more than a mere scintilla. It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 103 (citation modified). "This isn't a high threshold." *Drumgold*, 144 F.4th at 604. Accordingly, this Court must affirm the Social Security Administration's disability determination "when [the] ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." *Drumgold*, 144 F.4th at 604; *see also Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) ("Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ].").

In sum, this Court may not weigh the evidence again, nor substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. *See Hays*, 907 F.2d at 1456. Rather, "[w]here conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled," the court defers to the ALJ's decision. *Id.*; *Shinaberry*, 952 F.3d at 123. While other evidence in the record may support Plaintiff's positions, the ALJ considered both the objective and subjective evidence in making her decision. While the

record does not contain much specific evidence related to how long Plaintiff could stay on task (as is often the case), the ALJ parsed the available evidence, including why she found the evidence Plaintiff relies on unpersuasive. *See* ALJ Decision at 610, 612-613. Thus, the Court finds that substantial evidence supports the ALJ's conclusion that Plaintiff could, with the stated limitations, maintain sufficient concentration, persistence, and pace to work.

Second, the Plaintiff claims that the ALJ erred in not more fully discussing Plaintiff's symptom of insomnia. The Court disagrees. The ALJ's decision notes Plaintiff's "issues with insomnia," *id*. at 606, but the record has only a few mentions of Plaintiff even including insomnia as one of his symptoms and Plaintiff did not allege insomnia as a disabling impairment. *See* Tr. 86. In formulating an RFC, the ALJ is not required to discuss each and every piece of evidence. *See Reid v. Comm'r of Soc. Sec.*, 769 F.3d 861, 865-66 (4th Cir. 2014); *Lori A. J. v. Kijakazi*, No. 2:22-cv-131, 2023 WL 3069394, at *6 (E.D. Va. Apr. 5, 2023) ("[A]n ALJ is not required to discuss non-severe impairments in the RFC analysis so long as the ALJ considered them in the decision."), *report and recommendation adopted*, 2023 WL 3060789 (E.D. Va. Apr. 24, 2023). Indeed, based on the record, even if more discussion was required, the failure would be harmless error. *See Dorothy W. v. Bisignano*, No. 3:24-CV-552 (DJN), 2025 WL 2398647, at *9 (E.D. Va. July 31, 2025), *report and recommendation adopted,* No. 3:24CV552 (DJN-SLS), 2025 WL 2393142 (E.D. Va. Aug. 18, 2025) ("Plaintiff, as 'the claimant seeking reversal of an adverse decision,' bears the burden of 'prov[ing] that an error materially affected the outcome of the case' . . . If she cannot meet that burden, 'the prior decision should be affirmed.'"). Therefore, Plaintiff's second assignment of error is overruled.

Finally, Plaintiff argues that the ALJ erred by improperly discrediting Plaintiff's testimony. Again, the Court finds that the ALJ thoroughly weighed the evidence and made credibility

determinations, including with respect to Plaintiff's subjective complaints and the related medical evidence. The Court declines to reweigh that balancing here and will accordingly overrule Plaintiff's third assignment of error.

Therefore, the findings and conclusions of the Magistrate Judge are **ADOPTED** and the Commissioner's decision will be **AFFIRMED**.

## III. ORDER

**NOW THEREFORE IT IS ORDERED THAT**:

1. The findings and conclusions of the Magistrate Judge (Doc. No. 8) are **ADOPTED**;

2. The Commissioner's decision is **AFFIRMED**; and

3. The Clerk is directed to close this matter in accordance with this Order.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: September 28, 2026

Kenneth D. Bell
United States District Judge